UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN EAGO,

    Plaintiff,

v.                                     Case No. 13-15168

BASF CORPORATION, INC.,       HON. TERRENCE G. BERG

    Defendant.

_____/

# ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. 18)

This matter is before the Court on Plaintiff John Eago's ("Plaintiff") motion to compel discovery (Dkt. 18). Defendant BASF Corporation, Inc. ("Defendant") filed a response (Dkt. 24), Plaintiff filed a reply (Dkt. 27) and the parties submitted a joint statement of unresolved issues (Dkt. 28). The Court heard oral argument on Plaintiff's motion on September 17, 2014.

In the joint statement of unresolved issues, the parties informed the Court that only four issues remain in dispute: (1) Defendant's response to Plaintiff's interrogatory number 1, asking about the reasons why Plaintiff was terminated; (2) Defendant's response to Plaintiff's

document requests numbers 5, 6 & 8, relating to Defendant's written procedures for employee discipline, performance improvement plans and termination; (3) Defendant's response to Plaintiff's document requests numbers 9 & 50, relating to the reasons for Plaintiff's termination and his alleged poor work performance; and (4) the production of email communications (during August & September 2013) to and from Veronica Braker, David Grimes and Peter Israel, relating to Plaintiff, family medical leave, performance improvement plans, personal development plans, termination or multiple sclerosis.

For the reasons stated more fully on the record, Plaintiff's motion to compel is denied as to issue 1 – Plaintiff may explore the reasons why he was terminated by deposing Defendant's representatives involved in that decision. Defendant is not required to further supplement its response to Plaintiff's interrogatory number 1.

Plaintiff's motion is granted as to issue 2. Defendant is directed to produce all written materials relating to its written policies or procedures for employee discipline, performance improvement plans and termination. This production must encompass any such policies for any plant employees, and is not limited to plant managers only.

2

Plaintiff's motion is denied as to issues 3 and 4.  During the hearing, the Court expressed the view that the Plaintiff was entitled to the categories of emails requested, and Defense counsel agreed that they should be produced, provided that counsel for Defendant had the prior opportunity to redact confidential information or interpose privilege objections.  The parties informed the Court that they should be able to agree on a process that will allow satisfactory supplemental production regarding these issues.  The Court reminds counsel of their duty to work cooperatively throughout the discovery process.  Should the parties be unable to reach an agreement, the parties are directed to call the Court to schedule a telephone conference.

**SO ORDERED.**

Dated:  September 23, 2014    s/Terrence G. Berg
　　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on September 23, 2014, using the CM/ECF system, which will send notification to all parties.

　　　　　　　　　　　　　　　s/A. Chubb
　　　　　　　　　　　　　　　Case Manager